## John Schofield & Son's Assigned Estate.     Charles J. Webb & Co.'s Appeal.

*Assignment for creditors—Discretion of assignee—Delay in selling real estate—Payment of charges.*

Where an assignee for creditors in the exercise of an honest discretion. delays the sale of the stock and machinery of the assigned estate for fifteen months after the assignment, and the sale of the real estate until seven months later, and pays the charges against the real estate, for the purpose of retaining it for a better market, and to give the machinery greater value, he is not responsible though the property does not eventually realize as much as the appraisement.

Argued April 3, 1895. Appeal, No. 153, Jan. T., 1895, by Charles J. Webb & Co. et al., from order of C. P. No. 2, Phila. Co., Dec. T., 1889, No. 772, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exceptions to report of J. M. Vanderslice, Esq., auditor, appointed to audit the account of William T. Tilden, assignee for the benefit of creditors of John Schofield & Son.

The facts appear by the opinion of JENKINS, J., which was as follows :

"The assignment was made upon Jan. 3, 1890. The estate consisted of the Keystone Mills, with the machinery, stock of goods, debts due the assignors, and a dwelling house, occupied by one of the assignors as a residence. Upon the mill there were two mortgages, one for $13,000, and the other for $6,000. The assignee sold the stock on April 7, 1891, and realized

$3,418.30 above its appraisement. He collected from the debts due the assignors $2,176.28 above their appraisement. On the said April 7, 1891, the assignee also offered the mill and machinery at public sale and received a bid for the same of $31,000. This bid was not accepted, and the machinery was sold at public sale for $10,795.46, being $2,083.39 less than the appraisement. On Nov. 17, 1891, the assignee sold the mill building at public sale for $17,200, being $3,200 less than the aparaisement. During the time between the assignment and the sale of the mill, the assignee had expended for interest on the mortgages on the mill, and for taxes, liens, insurance and other charges for its maintenance, $6,083.40.

" The dwelling house was sold about two years after the date of the assignment, and realized $1,800 in excess of the mortgage for $4,000, to which it was subject, and $800 in excess of its appraisement. The assignee, however, had paid $1,173.04 on account of its ' maintenance, taxes, mortgage, interest and liens.' One of the assignors occupied the dwelling house till the time of its sale, and the assignee received no rent for it. The assignee's account having been referred to an auditor, the assignee was allowed all of the credits claimed by him for expenses he had made on account of the mill property, but was refused credits to the amount of $873.04 for expenditures made by him on account of the dwelling house. The auditor arrived at the said sum of $873.04 by deducting from the said sum of $1,173.04 the $300 realized from the sale of the house in excess of the appraisement, he finding ' it was an ordinary dwelling house, whose value could be very closely approximated, and it is fair to assume that the appraisement was its value at the time, and that it could have been sold for that amount.'

" Exceptions were filed to the findings of the auditor, on behalf of four of the creditors, as to the allowance of the credits for the expenditures made by the assignee on account of the mill property, and exceptions were also filed on behalf of the assignee to the refusal of the auditor to allowing the credits, amounting to the said sum of $873.04, for expenditures made by the assignee on account of the dwelling house.

" We consider that the learned auditor made a proper disposition of the credits claimed for the expenditures made by the

assignee on account of the mill property; as the mill was owned by the assignor, the machinery put in it by him for the purpose of adapting it to the use to which he had put it was, as between him and the mortgage creditors, attached to the real estate. The assignee was bound only to use ordinary prudence. He was bound to exercise discretion. He may have erred. But the very idea of the exercise of discretion admits the possibility of error.

" The auditor finds ' that in all the evidence there is nothing to show that the accountant was guilty of mismanagement or negligence in not selling the stock and machinery for fifteen months after the assignment, and in not selling the mill property until seven months later, but, upon the contrary, he is shown to have acted with businesslike discretion and prudence,' and ' to prevent the valuable machinery from being sacrificed, and to retain it in position and in such condition in which it was reasonable to believe it would realize the most, it was wise to preserve the property intact by paying the charges against the real estate.' The mill and machinery realized more than was expended upon their account. Neither by the assignment, nor by accepting its benefits, did the creditors release their debts. In Detwiler's App., 96 Pa. 323, the court, in speaking of an assignee for the benefit of creditors, said: ' Neither he nor the creditors for whom he holds the property in trust are purchasers for value. They are not parties to the deed. They have not relinquished anything in compensation for the benefit of the trust. They have not agreed to look to the property assigned for the satisfaction of their claim. They have not title to the property itself. They acquire a right only to enforce the duty undertaken by the assignee.' And that the assignor has rights which the assignee is bound to regard is apparent from the case just cited, from Breneman's Estate, 150 Pa. 494, and from Glenn v. Mickey, 130 Pa. 586, an injunction having been granted in the last-mentioned case to restrain the assignee from making a sale of the real estate to the prejudice of the assignor.

" In regard to the credits disallowed for the expenditures made on account of the dwelling house, we think the learned auditor fell into error in not allowing credits for the sum of $550.81 paid for a paving claim filed by the city of Philadelphia

to the use of the contractor for paving done in front of the property before the date of the assignment. This was a charge which must have been paid by the assignee or deducted from the purchase money at the time of the sale of the property, and therefore was a proper credit to the assignee. The counsel for the excepting creditors upon the argument conceded that this credit should have been allowed. This amount of $550.81 must, therefore, be deducted from the said amount of $873.04, leaving $322.23 as the amount of the credits to be disallowed to the assignee. We do not think that this is a case in which any part of the costs should be imposed upon the assignee. The exceptions filed on behalf of the said four creditors are dismissed. The exceptions filed on behalf of the assignee are sustained to the extent of the allowance of the credit for the said sum of $550.81; the other exceptions are dismissed. The costs are to be paid out of the fund in the hands of the assignee, and in all respects, except as stated in the opinion, the report of the auditor is confirmed. The counsel may prepare a table of distribution and submit it to the court for approval."

*Errors assigned* were in dismissing exceptions to auditor's report.

*Joseph de F. Junkin* for appellants, cited; Hart v. Crane, 7 Paige's Chan. 37; Meacham v. Sternes, 9 Paige's Chan. 406; Trickett on Assignments, 76; Miller's App., 35 Pa. 481; Detwiler's App., 96 Pa. 323; Breneman's Est., 150 Pa. 494; Glenn v. Mickey, 130 Pa. 586; Patton's Est., 2 Parsons, 103; Irey's Est., 1 Chester Co. Rep. 63.

*Hampton L. Carson, John Shallcross,* with him, for appellee, cited: Griffith's Est., 1 Chester Co. Rep. 39; Glenn v. Mackey, 25 W. N. C. 253; Stewart's App., 110 Pa. 424; Hanbest's App., 92 Pa. 482.

PER CURIAM, April 22, 1895:

We are not convinced that there was any error in dismissing the twelve exceptions to the auditor's report recited in the specifications of error respectively. On the contrary, we think, in view of the facts and circumstances of the case, that the con-

clusions reached by the learned judge of the common pleas are substantially correct. We find nothing in the record that requires either a reversal or modification of the decree.

Decree affirmed and appeal dismissed with costs to be paid by appellant.